# CASES

### ARGUED AND DETERMINED

AT

# NISI PRIUS.

---

### JUNE SITTINGS, 1813.

—————◄•►—————

## MATTHIAS BRUEN and JAMES BRUEN *against* JOHN JACOB ASTOR.

Matter in excuse of performance, must be expressly averred. Excuse of performance not admissible under an averment of performance. There can be no other part performance of a contract for the sale of goods and chattels, to take such contract out of the statute, but such as is set forth in it, viz: payment of part, &c.

THIS was an action of assumpsit. The declaration contained three counts. The first alleged that the defendant, being possessed of a vessel which he intended to send upon a voyage to Canton and back to New York, applied to the plaintiffs, who were particularly acquainted with the value of silk goods, and with the descriptions and qualities of

silk goods, which would best suit the New York market, and requested them to make out an order for silk goods, which the defendant said he would import for them, on board said ship, from Canton ; and that it was agreed, in consideration that the plaintiffs would make out an order for China silk goods, and furnish patterns to the defendant, he, the defendant, would import the same according to the said order and patterns, and, upon their arrival at New York, would sell the same to the said plaintiffs at an advance of 67 1-2 per cent. upon their first cost in Canton. The declaration then averred the making of the order, and the furnishing the patterns by the plaintiffs, at an expense of $100, and the importation of the goods according to the order, etc., by the defendant.   It then stated, by way of breach, that the defendant neglected and refused to sell and deliver according to the terms of the agreement at 67 1-2 per cent. advance, although the said plaintiffs had offered to purchase and receive the same, and to pay for them at an advance of 67 1-2 per cent.

The second count alleged, that, upon the importation of the goods, the defendant would sell them to the plaintiffs, if they should choose to become the purchasers, at such prices as he should be fairly offered for them by any other person.   And, in the breach, averred that they had called upon the defendant after the arrival of the goods, and offered to purchase and receive them at such prices as the defendant should be fairly offered for them by any other person.   That the defendant refused to sell, &c., but, on the contrary, sold the same for the highest price that could be got for the same, in violation of his promise, &c.

The third count stated the agreement to be, that the plaintiffs, upon the arrival of the goods, were to have the refusal of them, and averred that, upon their arrival, they called for them, and desired to have the refusal, that the de-

fendant would not sell to them, &c., and afterwards sold the same at auction, for the highest price that could be got for the same, in violation, &c.

The plea, was the general issue.

It appeared in evidence, that the defendant was a China trader, and that the goods from that market may be benefitted from 15 to 75 per cent. by being put up in imitation of French and Italian goods. That the defendant, being about to send a ship to China, applied to the plaintiffs, who are wholesale merchants, for an order and for patterns, offering them at the same time the goods on their arrival, at the market price. That the plaintiffs first declined, but afterwards agreed to make out the order and patterns upon the terms proposed, and made them accordingly, at an expense of about $20, the patterns being folded in a particular manner in paper. It also appeared that the plaintiffs were not bound to take them at their arrival, but might decline if they then judged proper. That nothing was said at the time about the manner of payment. After the arrival of the goods, the clerk of the defendant told purchasers who applied for these goods, that they were not for sale, the plaintiffs having the preference. The goods were, a short time after their arrival, sold at public auction by the defendant to the highest bidder.

*Wells*, for the defendant, upon these facts, moved for a non-suit on three grounds:

1st. That the contract was void between the parties for want of mutuality, the plaintiffs not being bound to receive the goods upon their arrival.

2d. That it was a contract for the sale of goods of more

than £10 in value, and the agreement therefore ought, by the statute of frauds, to have been in writing.

3d. That the plaintiffs ought to have shown a demand, and a readiness on their part to fulfill the contract.

*Emmet*, in reply, contended that the contract was executory, and not to be performed within a year, and, therefore, not within the statute of frauds. That, if within the statute, the furnishing the patterns was a sufficient part performance to take it out of the statute. 3 Bur. 1281. That, as to the necessity of a demand and an offer to perform on the part of the plaintiffs, the defendant had placed it out of the power of the plaintiffs by sending the goods to auction.

VAN NESS, J. The first and second counts are not proved, as to the tender of performance on the part of the plaintiffs; it is an old rule of evidence, that an averment of performance, is not sustained by proof of a waiver, or of matter in excuse of performance. In this case, the matter excusing an offer to perform on the part of the plaintiffs, ought to have been expressly averred.(1) Neither is there any express proof of the averment in the first count, that the plaintiffs were to have the goods at 67 1-2 per cent. advance. It appears, on the contrary, that they were to have them at the highest market price.

As to the third count, there may be a valid contract for a refusal, where money is advanced in consideration of the party having the refusal, he taking, in the mean time, the

(1) *Vide, ante, Cumings* v. *Fisher*, 4th note, where this subject is considered. *Vide, etiam,* Lawes on Pleading, 120, 204; 1 Chitty on Pleading, 317.

Matthias Bruen et al. v. Astor.

risk of the importation; this is not, however, the contract set forth in this count.

I am inclined also to consider this case within the statute of frauds: it is, if any thing, a contract for a sale, and ought to have been in writing. As to the matter of part performance, equity relieves in such cases, where the contract relates to lands; and there is a *dictam* that courts of law will interfere, in all cases where a court of equity will. But this doctrine has not been extended to contracts relating to personal property. With regard to such contracts, there can be no other part performance, but what is set forth iu the statute, as payment of part, &c.

As to the two last counts also, to which alone the testimony in the cause can apply, there can be no rule of damages to apply to them, if they were fully proved.(1)

Non-suit ordered.

*Boyd, D. B. Ogden,* and *Emmet,* for plaintiffs.

*Robertson, Wells, Hoffman* and *Harrison,* for defendant.

(2) This, it seems, would be now considered a sufficient ground for relief in equity, upon this contract relating to personal property. The true and leading distinction, in the present exercise of equity jurisdiction, does not proceed (as is sometimes erroneously supposed) upon a distinction between real and personal estate, but upon the ground that the damages at law may not, in the particular case, afford a complete remedy. Story, Eq. Jurisp., sec. 716, &c. The inherent difficulties, in the case in the text, would have been more manageable in a court of equity, and the proper relief obtained upon a seasonable application.